UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kendra Louise Jenkins, et al.,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**District of Columbia,**<br><br>    Defendant. | Civil Action 02-1055 (HHK) |

MEMORANDUM OPINION

By this action, Kendra Louise Jenkins ("Jenkins"), mother and guardian of Kenneth Jenkins ("Kenneth"), seeks review of a hearing officer's determination ("HOD") which rejected her claim that the District of Columbia Public Schools ("DCPS") failed to timely evaluate Kenneth's eligibility for special education services. Jenkins brings this action against the District of Columbia pursuant to the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. §§ 1400–1461 and 42 U.S.C. § 1983. Presently before the court are Jenkins's motion for summary judgment (Dkt. # 10) and DCPS's cross-motion for summary judgment (Dkt. #12). Upon consideration of the motions, the oppositions thereto, and the record of this case, the court concludes that DCPS's motion must be granted.

I. BACKGROUND

On January 28, 2002, Jenkins requested a due process hearing in order to determine whether DCPS had failed to evaluate her son's special education needs during the 120-day period allowed by statute. In response to Jenkins's request, a hearing was convened on April 8, 2002.

The main point of contention during the hearing was when precisely Jenkins first requested that DCPS assess Kenneth's educational needs. DCPS maintained that Jenkins's initial request was made through a Teacher Assistance Team form dated January 11, 2002.[1] Jenkins, through counsel, disputed this assertion, arguing that verbal requests for an evaluation were made on August 20, 2001, and again on September 11, 2001. Compl. ¶ 34. However, because Jenkins was not present at the April 8 hearing, no evidence was presented in support of Jenkins's assertion that she sought assistance prior to January 11, 2002.[2] Because DCPS's representation regarding the date of the initial request was uncontroverted on the record, the HOD—issued on April 18, 2002—dismissed Jenkins's case with prejudice.[3]

This action followed.

## II. DISCUSSION

The parties have cross-moved for summary judgment under Fed. R. Civ. P. 56, which provides for entry of summary judgment "if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

[1] DCPS also proffered a Consent to Evaluate form, signed by Jenkins and dated January 16, 2002, as evidence of when Jenkins's initial request for assistance was made.

[2] Jenkins's counsel requested that the hearing be continued because Jenkins was absent from the proceeding. The hearing officer denied this request. Compl. ¶ 36.

[3] Jenkins moved for reconsideration of the April 18th HOD arguing primarily that DCPS had failed to meet its burden of proof. On May 1, 2002, a second HOD was issued, once again denying Jenkins's motion.

bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).  In the case of the IDEA, when no additional evidence is introduced in a civil suit seeking review of an HOD, a motion for summary judgment operates as a motion for judgment based on the evidence comprising the record.  *See* 20 U.S.C. § 1415(i)(2)(C); *Heather S. v. Wisconsin,* 125 F.3d 1045, 1052 (7th Cir. 1997).

The IDEA allows "'[a]ny party aggrieved by the findings and decision' of the state administrative hearings 'to bring a civil action'" challenging that decision.  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley,* 458 U.S. 176, 204 (1982) (quoting 20 U.S.C. § 1415 (e)(2)); 34 C.F.R. § 300.512(a).  The reviewing court must give due weight to the findings of the administrative officer, but less deference is appropriate than would normally be accorded an administrative decision.  *See Kerkam v. McKenzie,* 862 F.2d 884, 887 (D.C. Cir.1988).  A "party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." *Id.*  The burden of proof is by a preponderance of the evidence.  20 U.S.C. § 1415(i)(2)(C)(iii); 34 C.F.R. § 300.512(b)(3).  While the appropriate remedy is left to the discretion of the reviewing court, the court should not substitute its own judgment of what is in the best educational interests of a particular student for that of the hearing officer.  *Rowley,* 458 U.S. at 206.

Here, Jenkins seeks to have the decision of the hearing officer reversed on a variety of bases.  Jenkins maintains that during the April 8, 2002 hearing, the hearing officer (1) impermissibly shifted the burden of proof to Jenkins; (2) without good cause denied her counsel's motion to continue the matter; and (3) abused his discretion by dismissing Jenkins's

case with prejudice. In response, DCPS cross-moves for summary judgment, urging the court to find that the HOD was supported by a preponderance of the evidence. The court will address Jenkins's arguments in turn.

**A. Burden Shifting**

During a due process hearing held pursuant to the IDEA, District of Columbia Municipal Regulations mandate that, "DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the education needs of the student."[4] 5 D.C. Mun. Reg. § 3022.16; *see also Schoenbach v. Dist. of Columbia*, 309 F. Supp. 2d 71, 79 n.5 (D.D.C. 2004). Here, Jenkins asserts that the hearing officer shifted this burden when assessing whether DCPS evaluated Kenneth within 120 days of Jenkins's request for assistance.

According to Jenkins, during the due process hearing convened on April 8, 2002, to review the timeliness of DCPS's evaluation of Kenneth, "DCPS presented no case-in-chief and called no witnesses to address the issues raised in the parent's hearing request." Pl. Mot. at 5. Jenkins suggests that DCPS failed to present evidence to support its contention that Kenneth had been evaluated in a timely manner. This is not the case, however. During the

---

[4] In *Schaffer v. Weast*, 126 S. Ct. 528 (2005), the Supreme Court recently examined the issue of where the burden of persuasion lies during an administrative hearing held pursuant to the IDEA. In *Schaffer*, the issue before the court was who, in the absence of a state statute regulating the allocation of the burden, should carry the burden of persuasion during a due process hearing. The Court held that, consistent with "the ordinary default rule that plaintiffs bear the risk of failing to prove their claims," in a due process hearing the burden of proof is "properly placed upon the party seeking relief." The court declined, however, to decide whether "States may, if they wish, override the default rule and put the burden always on the school district." Because the Court declined to answer this question, we will assume that the District of Columbia's decision to place the burden of proof on DCPS is a valid exercise of its legislative power.

hearing, DCPS proffered both a Teacher Assistance Team form containing a request for an evaluation, dated January 11, 2002 , Record ("R.") at 48,[5] and Jenkins's consent to have Kenneth evaluated, dated January 16, 2002, R. 47.  Contrary to Jenkins's contention, DCPS was under no obligation to produce a witness in addition to its documentary evidence.[6]  *See Schoenbach*, 309 F. Supp. 2d 71, 79 ("Plaintiffs cite no authority requiring DCPS to produce *oral* testimony, though it is well-established that a hearing officer may rely upon written evidence . . .").

DCPS's documentary evidence—establishing that the 120-day timeline had not expired at the time of the due process hearing—was uncontroverted on the record before the hearing officer.  Jenkins did not appear at the hearing, and therefore no evidence was admitted

---

[5] The Teacher Assistance Team form states explicitly, "Parent request referral to MDT without opportunity for intervention—*120 day timeline begins*."  R. 51 (emphasis added).  The court notes that Jenkins's signature, dated January 14, 2002, appears next to this statement.

[6] In her reply brief, Jenkins for the first time argues she was prejudiced by DCPS's failure to produce Debra Fels-Pleasant—a DCPS employee—at the April 8th hearing.  While Jenkins now insists that Fels-Pleasant "was the most important witness of all" and that she "had dispositive testimony," nothing in the record reflects the necessity of this witness's attendance at the due process hearing.  The May 1st HOD denying Jenkins's request for reconsideration states:

> At the hearing, Attorney Drake also stated he had requested that Ms. Debra Fells-Pleasant be compelled to appear for the proceeding.  However, he did not ask that the Missing Witness Rule be . . . applied in Ms. Fells-Pleasant [sic] absence; nor, did he request any other relief based on her failure to appear.  It appeared to the Hearing Officer then, as it does now, that the sole purpose for Attorney Drakes [sic] summoning Ms. Fells-Pleasant to the proceeding was that she allegedly had made a comment to the parent regarding the parent's need for Mr. Drake's services."

R. 2.  The court finds nothing deficient about this analysis.  Accordingly, the court finds that Ms. Fells-Pleasant's absence from the hearing provides no basis for overruling the hearing officer's determinations.

that might have lent credence to Jenkins's assertion that she had verbally requested that Kenneth be evaluated for special education services as early as August 20, 2001.

While certain passing remarks made by the hearing officer could be interpreted as shifting the burden of proof to the parent[7], read as a whole, the transcript of the April 8th hearing and the April 18th HOD do not support such a finding.  Indeed, the April 18th HOD clearly sets forth who held the burden of proof during the proceedings, citing 5 D.C. Mun. Reg. § 3022.16, quoted *supra*, and stating that "[t]he Hearing Officer finds that DCPS met its burden in this case." R. 9.  Similarly, at the conclusion of the hearing itself, the hearing officer held that "DCPS . . . all too often is unable to meet *its burden* because it doesn't have the appropriate document . . .. Today, she's up front, and she's got what she needs to meet *her burden*, and she's met it." (emphasis added) R. 102.

Because Jenkins presents no persuasive evidence that the hearing officer misapplied the burden of proof, the court finds that the hearing officer did not improperly shift to the parent the burden of proof during the due process hearing.  *Compare Kroot v. Dist. of Columbia*, 800 F. Supp. 976, 982 n.10 (D.D.C. 1992) (finding an improper burden shift where hearing officer stated explicitly that "[t]he burden of proof shifts to the parents once DCPS is found to have not met its burden of proof").

---

[7] Among the statements made by the hearing officer that might suggest a burden shift are: (1) "Counselor, I would have to note that your parent has put you in the precarious situation of not being able to meet your burden." R. 84; (2) "You can't do that.  You come meeting your burden today. You requested a due process hearing, and you alleged time line violation, and you have not proved it." (R. 95–96).  The court emphasizes, however, that these are isolated statements that conflict with the language in the April 18th HOD, and the majority of the record.

**B. Abuse of Discretion**

Jenkins next argues that the hearing officer abused his discretion by dismissing her claim with prejudice. This argument is similarly without merit. As discussed above, based on the record before the hearing officer there was no evidence that supported Jenkins's claim that there had been a violation of the 120-day period for evaluation.

Jenkins submits that her claim was dismissed because the hearing officer was "offended by her perceived notion of the parent's lack of interest," implying that the dismissal was a punitive measure, or based on a mere technicality. Pl. Mot. at 9. To the contrary, the HOD was a substantive decision based on the record before the hearing officer.

Moreover, parties that request due process hearings are placed on notice that a failure to attend a scheduled hearing may have adverse consequences for their claim. Such consequences are detailed in the hearing notice. In the instant case, the record reflects that Jenkins received this prior notification, which states:

> "Failure to appear for the hearing or failure to make a timely request for a continuance from the presiding hearing officer may result in dismissal of this case or in a default decision against you."

R. 57 (Special Education Hearing Notice dated April 8, 2002). Accordingly, any argument that dismissal of Jenkins's claim was inequitable is unavailing. The same reasoning likewise supports the hearing officer's refusal to provide Jenkins's counsel with a continuance until Jenkins could be located.[8]

---

[8] In addition, the record indicates that counsel waived Jenkins's presence at the beginning of the April 8, 2002 hearing. R. 78. Only after the court indicated its inclination to dismiss the case did counsel request a continuance. R. 95, 100.

In sum, nothing presented to this court supports Jenkins's arguments that the April 18th HOD was an abuse of discretion. Further, the HOD was amply supported by the record before the hearing officer.

### III.  CONCLUSION

For the foregoing reasons, DCPS's motion for cross-summary judgment (Dkt. #12) is granted, and Jenkins's motion for summary judgment (Dkt. #10) is denied. An appropriate order accompanies this memorandum.

> Henry H. Kennedy, Jr.
> United States District Judge

Dated: December 12, 2005